No. 18-1704 Joseph O'Brien v. Town of Bellingham, et al. Good morning, your honors. May it please the court, Edward McCormick on behalf of Mr. O'Brien. Your honor, in the time that is allocated to me, I believe there are three issues that have been briefed to me before the court. One is the first issue I would like to discuss is the district court's denial of the plaintiff's motion to vacate the dismissal that had been stipulated to against two defendants, Zimmerman and Gilroy. The matter was before the court. The discovery had been ongoing. Excuse me, Mr. McCormick, is that issue properly before the court? Yes. Your notice of appeal identifies the decision appealed from as the district court's decision granting summary judgment on the main action. The order you're talking about now was a separate order. It entered earlier in the proceedings and that itself is subject to my knowledge of any notice of appeal. I believe your notice of appeal should have said all others. Well, it didn't. Then the court's position may be well taken. Right. But it has been briefed. That also applies to your argument raised in your brief about the court's determination to allow the defendants to amend their answer to include certain affirmative defenses. That also was done by a separate order and that order also is not identified in your notice of appeal. I would ask the court that the, say to the court, that that certainly was included, meant to be included in the order. If it was not, then the court's position may be well taken. However, the matter is heavily briefed by the court. That's not my position. That's what the record shows. Yes, Your Honor. And that's a matter that's jurisdictional. If the notice of appeal doesn't properly bring the matter up from the district court before us, we're powerless to consider it. I believe, Your Honor, that that notice of appeal, I'm sorry, I don't have it right in front of me, the notice of appeal says that the judgment that came in, the judgment of the district court would include all the orders. I would say it would include all the orders that came in. I don't think that's so. Go ahead. Your Honor, I'll be very brief on those two issues. There was an agreement by counsel, there was a stipulation that in return for the dismissal of Zimming and Gilboy, that no motion for summary judgment would be filed on behalf of any defendant. Matters took place later on, some months later on, and the district court did order the defendants to file a motion for summary judgment. At that point, the motion to vacate the dismissal was filed and it was granted, but it was denied by the court. And while I certainly agree with the defendants' position that they were ordered to do, to file a motion for summary judgment by the court, the fact of the matter is that the White House, they should not gain the benefit of the stipulation that was agreed to and not take the obligation as well. And that is the argument on that case, Your Honor. With regards to the amended answer, Your Honor, the amended answer is part and parcel of the judgment because it allowed the rising of two defenses that had not been pled. The answer to this... Your Honor, I don't want you to waste what little time you have. First, our case law makes it very clear that the judgment is the judgment, and merely referring to the judgment does not call on appeal antecedent orders, antecedent orders. Secondly, with respect to the Heck v. Humphrey issue, that issue is not... There's no necessity to... Although I understand the defendants wanted to amend their answer to include that as an affirmative defense, that was gratuitous on their part. That's an issue that goes to the district court's jurisdiction. It's not an affirmative defense, it's a jurisdictional defense. Different things. So the order is, that issue was properly in the case as long as notice was given, etc. There was no need for them to amend their answer to get that into the case. Well, Your Honor, we would have said that the notice was not given... Well, you had notice because they did make the motion that called to your attention the fact that they were going to rely on Heck v. Humphrey. On the eve of the first trial date, yes, Your Honor. Yeah, but there was no trial, so the significance of the trial date is minimal. The fact is you went into the summary judgment proceeding knowing that they were basing their motion in part on Heck. Yes, Your Honor. Heck does not apply. Even if, and I disagree respectfully with the court that Heck is jurisdictional... You're not disagreeing with this court. You're disagreeing with nine folks who are sitting down on the Potomac. Well, depending on which nine they are, I may disagree or disagree about disagreeing... It doesn't matter which nine. They're the Supremes. But I believe, Your Honor, that this court at least has said that it is not jurisdictional where it is an affirmative defense, and I've said in a case, in my brief, the Jacobson case, that where the characteristics of a defense that may not be set forth are the same in its effect as an affirmative defense, that this court may treat it under Rule 8 as an affirmative defense. Does Jacobson deal with jurisdictional defenses? I don't believe so, Your Honor. No, it does not. Well, that brings me to my next argument, and that Heck doesn't apply. Heck applies where the excessive force claim in the conviction by the plaintiff when he brings a 1983 case are factually interrelated. The instant case, Your Honor, it is very important to recall that there are two incidents that both take place on April 9th of 2012. One is the Woods incident. One is the Bellingham Police Station incident. Both are included in the complaint for assault and battery and excessive force actions. With regards to the plea of Mr. O'Brien, if you look at the plea chronically, Mr. O'Brien was charged with numerous offenses on two different dates. One was September 2nd, the year before 2011, and one was started out of April 9th of 2012. During the plea chronically, Your Honor, there was very little, and I would suggest none, discussion of the facts as to which assault and battery case Mr. O'Brien was pleading. The Woods incident or the police station incident. I would suggest to the court that they cannot meet the Heck-Humphreys test, because they happen two different places at two different times, although on the same date, and don't have the factual interrelation necessary for the Heck-Humphreys doctrine to borrow. Your Honor, I thought that the defendant's position, adopted by the magistrate judge, was that the defendant was charged and convicted of charges arising in the course of both incidents. One set of charges arising from the Woods incident. One set of charges arising from the Bellingham police station incident. Is that wrong? There weren't two sets of charges? Your Honor, there were really three sets of charges, because they go back to September. But I'm talking about charges arising from the activities on this date. Yes and no, Your Honor, because first of all, I don't think it's clear, and it could be right of the facts that would be fore, and they're putting the burden on the summary judgment motion on the defendants. The facts that would be for the court did not establish that there was no genuine issue of fact on that issue. So the answer to my question is no, that there weren't two separate sets of charges, one relating to the Woods incident and one relating to the police station incident. That the magistrate judge is wrong when she says there are two separate sets of charges and then describes them. Yes and no, the magistrate judge is right there, Your Honor. But she does not distinguish what charge to which the defendant pleaded invokes the heck Humphrey's doctrine. And most importantly, Your Honor, where the magistrate judge is wrong. The Woods incident, if we look at the indictments, don't include Brian Cutcher, the defendant. He is not included in the Woods incident. He is only included in the Bellingham police station incident for using the rocket gun hitting Mr. O'Brien with rubber bullets. So he was not even indicted, Your Honor, and he was not included in any of Mr. O'Brien's plea calls, guilty pleas, be they on the Woods incident or the station incident. And therefore, heck Humphrey's cannot apply to Mr. Cutcher. Thank you, Your Honor. Your Honor, if I may just one second. Forty years ago, I first appeared in this court and it's been a pleasure. Due to health reasons, I don't know if I'll be back here ever again, but I wish to thank the court for its privilege to both this panel and its predecessors. You're welcome, but before you sit down, Judge Torea, do you have any questions of Mr. McCormick? No questions, thank you. Okay, thank you. Good morning, Your Honor. May it please the court. Evan Millett on behalf of the defendants. Can I ask, counsel, would you start with this heck Humphrey argument that we've just heard? Yes, and I think maybe I can jump right to the Woods versus the station portion of it. Sure. It is abundantly clear which charges arise from the incident that occurred in the Woods versus which charges arise, which convictions as well, arise from the incident that occurred at the station. The magistrate judge was clear. We set out which charges occurred where in our statement of facts, our Rule 56 statement of facts in support of summary judgment, identifying each conviction, each charge, where it occurred. The plaintiff did not dispute any of those facts, which count occurred where and which count related to the Woods and the station. So in other words, there was no counter-statement of material facts disputing those entries? No, I believe it was those facts were admitted, in fact. And indeed, it's very clear. If you look at the convictions that arise from the Woods, there's the assault and battery with a dangerous weapon on Joyce, assault and battery with a dangerous weapon on Russell. The assault and battery on Joyce via cuffs is described at length in the plea colloquy as happening in the Woods. An injury occurred to Officer Joyce's wrist. There's no assault and battery on Officer Joyce in the station, as indicated in the video. That never occurs. Joyce is almost not in that video at all. Assault and battery with a dangerous weapon via tree branch clearly occurred in the Woods. The resisting arrest occurred in the Woods. That's where the plaintiff was arrested. He was certainly already under arrest at the time he was being booked out the station on the video. And the assault and battery on a police officer on Joyce, Russell, and Perry clearly occurred in the station. Joyce and Russell had almost no involvement with the officer, with the plaintiff in the station. And what do you say to Mr. McCormick's point that there was no basis for granting summary judgment in favor of Cutcher? Your Honor, so if you switch into the station, those counts, I think it's clear there, most of the destruction of property on items that were in the station as well as the assault and battery with a dangerous weapon is via a phone headset. That clearly occurred in the station. Hecht v. Humphrey does not apply to Cutcher. Cutcher, our argument with respect to Hecht v. Humphrey is limited to the entire event that occurred in the Woods and some portion of the event that happened at the station. It would not cover Cutcher. Cutcher is covered by the court's determination both that there was no act by Cutcher or any other police defendant at the station that violated the Fourth Amendment and that qualified immunity covered each one of the officers based on the court's evaluation of the force used by those officers as indicated on the video, which is a complete video of every act of force used by every defendant officer, which the court can view with sound. So he falls under the Fourth Amendment aspect. And the court found, and I would say, I don't think the plaintiff has identified any particularized act of force that occurred at the station that he is alleging is excessive. His argument in his brief is essentially that the officer should have left him alone, should have given him water earlier, and should have spoken rationally to him. Watching the video, I don't know that there's even an argument. The argument is essentially in the brief that the court, the district court, failed to apply the correct standard. The court applied a 14th Amendment shocks-the-conscious standard rather than the objective reasonable force standard under the Fourth Amendment, which is wholly inaccurate. The court proceeded only on the Fourth Amendment standard and found that no actions by any of the defendant officers violated the objective reasonable force standard under the Fourth Amendment, and then said all the officers were also entitled to qualified immunity because their actions were not a knowing violation of the law or plainly incompetent. If you watch the video, we suggest the Kingsley factors are appropriate here, which come from the Graham case, because what happens at the station is not a person being arrested. The person is not yet a pretrial detainee, but they are being held in custody at a holding facility. And the factors there, which would be applied to Kutcher, is there a reasonable relationship between the need for force and the amount of force used, and if you watch the video, as described by the district court, the force is only applied by any of the officers. I think Kutcher doesn't use force until probably about an hour into the incident. Only after the plaintiff is engaged in extensive violent behavior toward the officers, the force that's used is only used when necessary to deter the plaintiff from injuring himself, punching out windows, arming himself with weapons like metal chairs, a metal phone, a metal clock, destroying the station, and trying to escape from a cuff that has been lubricated with his own blood after he punched out a window in the station. The force is only increased when the initial level of force is unsuccessful, and I think if you watch the video, there is no level of force that was used by the officers that was successful against the plaintiff in attempting to get him to submit so that they could cuff him, restrain him, and allow him to receive medical treatment. If you watch the video, I don't see anything like it. The plaintiff, he destroys the police station. The police try to use a taser on him. It's ineffective. He eats the taser barbs. They attempt to use a police canine. They don't release the canine. The canine makes no contact with him. They essentially try to intimidate him to submit. He walks over. He attempts to pet the snarling police canine. No amount of force was effective on him because he had a tactical advantage on those police officers. He was unable to experience pain or fear because he was overdosing on Ketamine. The other factors are the efforts made by an officer to temper or limit the amount of force. The officer attempted to call an extraction team but none was available. I think if you watch the video, there were over 100 commands requiring him to submit so that he would simply get down so that they could safely handcuff him and transport him to the hospital so that he could receive treatment. It's really the officers. They back up unless he's doing something that requires their attention like trying to get off the handcuff or destroy property or punch out the window. They hang back in the video and they only engage him when he's about to do something dangerous. He keeps sucking them in. The severity of the security problem is one of the factors in Kingsley as well. There was a massive security problem at issue. The plaintiff single-handedly shut down the police station. The incident is occurring directly in front of the door where they would bring new prisoners in. They were unable to take or process any prisoners for hours as a result of the plaintiff's actions and whether the plaintiff was actively resisting. I understand the plaintiff makes an issue of the fact that he was handcuffed by one hand but he is clearly resisting. The need here is to get him medical treatment and secure the station and he resists every effort for the police officers to do that. He strikes the police officers with the phone, kicks them, swings at them, hits an officer with a clock, throws chairs. There was certainly a threat that was reasonably perceived by those officers. The extent of his injuries was actually fairly insignificant. He had a minor fracture to a bone in his shoulder and an injury to his wrist which is actually disputed whether he had a fracture to his wrist. The plaintiff's own expert as well as ours both agree that there is no way anyone can tell to a reasonable degree medical certainty whether any of those injuries were caused by any police action as opposed to the plaintiff's own actions in the woods and in destroying the police station. In addition to that, the court went through a very detailed review of the video describing how no police officer it would not have been reasonably apparent to any police officer that the force used by any of them was clearly established as unlawful and indeed the plaintiff has identified no case on point which would clearly establish any of the officer's use of force as excessive. The cases cited by the plaintiff suggest the Stamps case and the McHugh case the facts are totally opposite. The McHugh case involves both of them involved deadly force used and the McHugh case involved deadly force used on someone who was determined to have already been compliant and was already subdued. I can also address a focus on the station going back to the woods we rely not only on Hetfield Humphrey which I think is dispositive of anything that occurred in the woods but we also rely on judicial estoppel which is a doctrine that requires the plaintiff and I don't think the plaintiff actually disputes that judicial estoppel does not apply or does not bar his claims and again he doesn't identify any particular use of force in the woods that would support his claims his argument in opposition to our judicial estoppel argument is only waiver that we had waived it and I think the court was absolutely correct a number of reasons it was not waived we need not move to amend our complaint we did that out of our answer I'm not sure that's so on judicial estoppel Hetfield versus Humphrey is jurisdictional judicial estoppel is not absolutely your honor it is an affirmative defense I think the plaintiff's failure to raise that in his notice of appeal prevents the court from taking jurisdiction over that argument however I would suggest your honor that we need not specifically move to amend our answer as long as the judicial estoppel doctrine was fairly raised the plaintiff received notice and had an opportunity to respond and wasn't prejudiced and the court delayed the trial date by three months and allowed both parties to brief that issue substantially which we did Judge Torea do you have any questions at this time? Thank you Thank you your honor